```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SANDRA BARASH
and PHILIP BARASH,                                          REPORT &
                                                            RECOMMENDATION
                         Plaintiffs,                        CV 15-2362 (MKB)(GRB)

             -against-

2295 SOUTH OCEAN BLVD. CORP.,
d/b/a/ HARBOUR HOUSE,

                         Defendant.
----------------------------------------------------------X
```
**GARY R. BROWN, United States Magistrate Judge:**

Before the undersigned upon referral for a report and recommendation is the motion of *pro se* plaintiffs Sandra Barash and Philip Barash ("plaintiffs") for an *ex parte* preliminary injunction against Defendant 2295 South Ocean Blvd. Corp., d/b/a Harbour House, a cooperative association ("defendant") to enjoin defendant from entering their "Apartment" and/or removing travertine stone from the balcony of their Apartment. DE [3]. Plaintiffs have not made any allegations of irreparable harm nor any allegations of an imminent threat because in sum and substance, plaintiffs are simply referring to an on-going real estate dispute with defendant, as plaintiffs discuss in their papers. *See Christian Louboutin S.A. v. Yves Saint Laurent America Holdings, Inc.,* 696 F.3d 206, 215 (2d Cir. 2012) ("the District Court may grant a preliminary injunction if the moving party establishes (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief") (internal quotation marks and citation omitted). Because plaintiffs have not provided a satisfactory basis for a preliminary injunction, the undersigned respectfully recommends that no injunctive relief be granted.

1

In addition, this case appears to be improperly venued in the Eastern District of New York. Defendant is a Florida corporation, the Apartment at issue is located in Florida and resolution of plaintiffs' dispute requires the application of Florida law and regulations. *See* 28 U.S.C. § 1391(a). Even if defendant were to waive venue, it would appear to be a waste of judicial resources and a substantial inconvenience to the parties and witnesses to continue this action here. As such, the undersigned respectfully recommends dismissal or transfer of this action in favor of a state or district court in Florida. *See* 28 U.S.C. § 1404(a); § 1406(a).

A copy of this Report and Recommendation is being mailed to plaintiffs. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals.** *See Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant.

Dated: Central Islip, New York
       May 8, 2015

                                                /s/ Gary R. Brown
                                                Gary R. Brown
                                                United States Magistrate Judge